IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION,<br><br>                  Plaintiff,<br>     v.<br><br>UNITED STATES,<br><br>                  Defendant. | Before: Hon._____,<br>             Judge<br><br>Court No. 25-00203 |

## COMPLAINT

Plaintiff, the American Personal Transportation Vehicle Manufacturers Coalition ("Plaintiff"), by and through their attorneys, allege and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this complaint to contest certain portions of the U.S. Department of Commerce's ("Commerce") final determination in the antidumping duty investigation of *Certain Low-Speed Personal Transportation Vehicles from the People's Republic of China*. *See* Issues and Decision Memorandum accompanying *Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China*, 90 Fed. Reg. 26,530 (Dep't Commerce June 23, 2025) (final affirmative deter. of sales at less than fair value and final affirmative deter. of critical circumstances, in part) ("IDM"); *see also Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China*, 90 Fed. Reg. 38,759 (Dep't Commerce Aug. 12, 2025) (amend. final antidumping duty deter. and antidumping duty order; amend. final deter. of countervailing duty investigation and countervailing duty order) ("AD Order").

## JURISDICTION

2. This Court has jurisdiction over this action to review Commerce's final determination pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(II) and (B)(i) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and (B)(i).

## STANDING

3. Plaintiff is a trade or business association, a majority of whose members are composed of manufacturers in the United States of a domestic like product, and was the petitioner in the proceeding underlying this complaint. Plaintiff is thus an interested party within the meaning of 19 U.S.C. §§ 1561a(f)(3) and 1677(9)(E). Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4. Plaintiff commenced this action by filing a Summons on September 11, 2025, within 30 days after publication in the Federal Register of the AD Order. *See* Summons (Ct. Int'l Trade Sep. 11, 2025), ECF No. 1; AD Order. Plaintiff is filing this Complaint within 30 days of filing the Summons. The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2) and Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. Commerce initiated the antidumping investigation of *Certain Low Speed Personal Transportation Vehicles from the People's Republic of China* on July 10, 2025, following receipt of a petition filed with Commerce and the United States International Trade Commission (the "Commission") by Plaintiff on June 20, 2024. *See Certain Low Speed Personal Transportation*

**Court No. 25-00203**

*Vehicles From the People's Republic of China*, 89 Fed. Reg. 57,865 (Dep't Commerce July 16, 2024) (initiation of less-than-fair-value invs.).

6. Commerce issued quantity and value ("Q&V") questionnaires to Chinese producers of low speed personal transportation vehicles ("LSPTVs"). *See* Memorandum from Jerry Xiao, Int'l Trade Compliance Analyst, Off. II, AD/CVD Operations, through Minoo Hatten, Director, Off. II, AD/CVD Operations, to Scot Fullerton, Acting Deputy Assistant Sec'y for AD/CVD Operations, re: *Less-Than-Fair-Value Investigation of Certain Low Speed Personal Transportation Vehicles from the People's Republic of China: Respondent Selection* (Aug. 23, 2024) at 2. Based on the responses to the Q&V questionnaires, Commerce selected two respondents, Guangdong Lvtong New Energy Electric Vehicle Technology Co., Ltd. ("Lvtong") and Xiamen Dalle New Energy Automobile Co., Ltd. ("Xiamen Dalle"). *Id*. at 1.

7. On October 22, 2024, Plaintiff filed a critical circumstances allegation with Commerce, alleging that there had been massive imports of subject LSPTVs over a relatively short period of time following the filing of the petition. *See* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Low-Speed Personal Transportation Vehicles from the People's Republic of China: Critical Circumstances Allegations* (Oct. 22, 2024) at 11-12. Specifically, Plaintiff alleged that import volumes of LSPTVs from China had increased from 42,647 units during the three-month base period from March through May 2024 to 89,075 units during the three-month comparison period from June through August 2024—an increase of 108.91 percent. *Id*. at 12.

8. The Department subsequently issued Xiamen Dalle and Lvtong requests for monthly quantity and value shipment data. *See* Letter from Christopher Hargett, Program Manager, AD/CVD Operations, Off. II, to Xiamen Dalle New Energy Automobile Co., Ltd., re: *Less-Than-Fair Value Investigations of Low-Speed Personal Transportation Vehicles from the*

3

**Court No. 25-00203**

*People's Republic of China: Request for Monthly Quantity and Value Shipment Data* (Oct. 23, 2024) ("Req. for Xiamen Dalle Q&V Data"); Letter from Christopher Hargett, Program Manager, AD/CVD Operations, Off. II, to Guangdong Lvtong New Energy Electric Vehicle Technology Co., Ltd., re: *Less-Than-Fair Value Investigations of Low-Speed Personal Transportation Vehicles from the People's Republic of China: Request for Monthly Quantity and Value Shipment Data* (Oct. 29, 2024) ("Req. for Lvtong Q&V Data"). The Department requested that both Xiamen Dalle and Lvtong provide Q&V data for subject merchandise shipped to the United States from July 2023 through the last day of the month of the publication of the preliminary determination in the investigation. *See* Req. for Xiamen Dalle Q&V Data; Req. for Lvtong Q&V Data.

9.  Over the next few months, Xiamen Dalle and Lvtong provided their monthly Q&V data to the Department. *See* Letter from Clark Hill, PLC to Sec'y Commerce, re: *Certain Low Speed Personal Transportation Vehicles from the People's Republic of China: Submission of Monthly Quantity and Value Data* (Jan. 15, 2025); Letter from Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP to Sec'y Commerce, re: *Lvtong's Response for December 2024 Q&V Shipment in the Less Than Fair Value Investigation of Certain Low Speed Personal Transportation Vehicles from the People's Republic of China (A-570-176)* (Jan. 15, 2025); Letter from Clark Hill, PLC to Sec'y Commerce, re: *Certain Low Speed Personal Transportation Vehicles from the People's Republic of China: Submission of Monthly Quantity and Value Data* (Dec. 16, 2024); Letter from Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP to Sec'y Commerce, re: *Lvtong's Response for November 2024 Q&V Shipment in the Less Than Fair Value Investigation of Certain Low Speed Personal Transportation Vehicles from the People's Republic of China (A-570-176)* (Dec. 16, 2024); Letter from Grunfeld Desiderio Lebowitz

4

Silverman & Klestadt LLP to Sec'y Commerce, re: *Lvtong's Response for October 2024 Q&V Shipment in the Less Than Fair Value Investigation of Certain Low Speed Personal Transportation Vehicles from the People's Republic of China (A-570-176)* (Nov. 15, 2024); Letter from Clark Hill, PLC to Sec'y Commerce, re: *Certain Low Speed Personal Transportation Vehicles from the People's Republic of China: Submission of Monthly Quantity and Value Data* (Nov. 15, 2024); Letter from Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP to Sec'y Commerce, re: *Lvtong's Response for Monthly Q&V Shipment Data Questionnaire in the Less Than Fair Value Investigation of Certain Low Speed Personal Transportation Vehicles from the People's Republic of China (A-570-176)* (Nov. 5, 2024); Letter from Clark Hill, PLC to Sec'y Commerce, re: *Certain Low Speed Personal Transportation Vehicles from the People's Republic of China: Response to the Critical Circumstances Quantity and Value Data Questionnaire* (Nov. 4, 2024).

10. In the preliminary determination, Commerce determined that critical circumstances existed regarding imports of subject merchandise with respect to Lvtong and Xiamen Dalle. *See* Preliminary Decision Memorandum accompanying *Certain Low Speed Personal Transportation From the People's Republic of China*, 90 Fed. Reg. 8,517 (Dep't Commerce Jan. 30, 2025) (prelim. affirmative deter. of sale at less-than-fair-value inv., prelim. affirmative deter. of critical circumstances, postponement of final deter. and extension of provisional measures) at 36 ("PDM"). First, Commerce determined that importers of subject merchandise knew or should have known that Chinese exporters were selling LSPTVs at less-than-fair-value and that there was likely to be material injury to the domestic industry by reason of such sales. *Id*. at 34. The Department also found that imports of subject merchandise had been massive over a relatively short period of time. *Id*. at 35-36.

**Court No. 25-00203**

11.    In finding that imports of subject merchandise had been massive, Commerce compared the total volume of shipments from each respondent during a five-month base period from February 2024 through June 2024 with a five-month comparison period from July 2024 through November 2024. *Id*. at 35. Commerce noted that its practice is to base the critical circumstances analysis on all available data, using base and comparison periods of no less than three months. *Id*. at 35. At the time of its preliminary determination, Commerce received and analyzed critical circumstances quantity and value data from Xiamen Dalle and Lvtong for December 2024. *Id*. at 6-7. However, Commerce noted that, in accordance with its practice, the agency was limiting the comparison period by the month that Commerce began imposing preliminary countervailing duties on subject imports. *Id*. at 35. Commerce further explained that, in this case, Commerce had begun imposing preliminary countervailing duties on subject merchandise on December 6, 2024, and thus, in accordance with its practice, excluded December 2024 from the comparison period. *Id*. at 35. Analyzing changes in imports between these two periods, Commerce determined that both Lvtong and Xiamen Dalle had increased imports by more than 15 percent from the base period to the comparison period. *Id*. at 35.

12.    In the final determination, Commerce changed its analysis of critical circumstances, and found instead that while critical circumstances existed with respect to Lvtong, critical circumstances did not exist with respect to Xiamen Dalle. *See* IDM at 4-7, 12-15.

13.    Commerce's reversal of its critical circumstances determination with respect to Xiamen Dalle was due to Commerce changing its analysis of the base period and comparison period. In the final determination, Commerce instead compared a six-month base period of January 2024 through June 2024 to a six-month comparison period of July 2024 through

Court No. 25-00203

December 2024 in order to determine if imports had increased by more than the 15 percent threshold for determining whether there had been "massive imports." *Id*. at 6.

14. Commerce's determination to extend the base and comparison periods by an additional month, so that the comparison period included December 2024, the month in which Commerce began imposing preliminary countervailable duties in the parallel countervailing duty investigation on LSPTVs from China, is both unsupported by the record and contrary to the Department's established practice.

## CLAIMS AND BASES FOR RELIEF

### Count I

15. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14.

16. Commerce's critical circumstances determination with respect to Xiamen Dalle is not supported by substantial evidence and is otherwise not in accordance with law.

## REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1) Hold that Commerce's final critical circumstances determination with respect to Xiamen Dalle in the antidumping investigation of *Certain Low-Speed Personal Transportation Vehicles from the People's Republic of China* is unsupported by substantial evidence and otherwise not in accordance with law; and

2) Remand the final determination to Commerce for disposition with the Court's final opinion.

**Court No. 25-00203**

          Respectfully submitted,

          */s/ Robert E. DeFrancesco, III*
          Robert E. DeFrancesco, III, Esq.
          Derick G. Holt, Esq.
          Theodore P. Brackemyre, Esq.
          Stephen A. Morrison, Esq.

          **WILEY REIN LLP**
          2050 M Street NW
          Washington, DC 20036
          (202) 719-7000

          *Counsel to the American Personal Transportation Vehicle Manufacturers Coalition*

Dated: October 10, 2025

# **CERTIFICATE OF SERVICE**

PUBLIC SERVICE

*The American Personal Transportation Vehicle Manufacturers Coalition v. United States*
**Court No. 25-00203**

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on October 10, 2025.

*/s/ Stephen A. Morrison*
Stephen A. Morrison, Esq.

James P Durling, Esq.
**Curtis, Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, NW
Washington, DC 20006

Dharmendra N Choudhary, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Ave., NW
Suite 650
Washington, DC 20005

David M Morrell, Esq.
**Jones Day**
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113

Hui Cao, Esq.
**Steptoe LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Irene H Chen, Esq.
**VCL Law LLP**
1945 Old Gallows Road
Ste 260
Vienna, VA 22182

David Craven, Esq.
**Craven Trade Law LLC**
3744 N Ashland
Chicago, IL 60613

Adams Lee, Esq.
**Harris Sliwoski LLP**
600 Stewart Street,
Suite 1200
Seattle, WA 98101

Mark Ludwikowski, Esq.
**Clark Hill PLC**
1001 Pennsylvania Ave., NW
Suite 1300 South
Washington, DC 20004

Kristin H. Mowry, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

David Robinson, Esq.
**Maynard Nexsen PC**
4141 Parklake Avenue
Suite 200
Raleigh, NC 27612

Rosa S. Jeong, Esq.
**Greenberg Traurig, LLP**
2101 L Street NW
Suite 1000
Washington DC 20037

Shanshan Liang, Esq.
**LIANG + MOONEY, PLLC**
2104 Delta Way,
Unit 1
Tallahassee, FL 32303

Brian Sun
**Haike EV., Co. Ltd.**
Room 1008, Building 2, Qisheng Building,
Shandong China

Supervising Attorney
Civil Division – Commercial Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

General Counsel
**U.S. Department of Commerce**
14th Street and Constitution Ave., NW
Washington, DC 20230

Gregory Menegaz, Esq.
**The Inter-Global Trade Law Group PLLC**
1156 15th Street, NW
Suite 1101
Washington, DC 20005

Xiaohua Hou
**Commerce & Finance Law Offices**
12-14th Floor, China World Office 2, No. 1 Jianguomenwai Avenue, Beijing 100004, China

Julian Zhu
**Kinghike Vehicle Co.,Ltd.**
24-F18, Building 3, Aosheng Building, No. 1166 Xinluo Street, High-tech Zone, Jinan City, Shandong Province

Attorney in Charge
International Trade Field Office
**Department of Justice, Civil Division**
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278